KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY EPPS, and all others similarly situated, | ) Case No.:<br>)<br>) COMPLAINT – CLASS ACTION |
| Plaintiffs, | )<br>) JURY DEMANDED |
| vs. | )<br>) |
| COLUMBIA DEBT RECOVERY GROUP, L.L.C, a Washington limited liability company, f/k/a GENESIS CREDIT MANAGEMENT, LLC,<br>  Defendant. | )<br>)<br>)<br>)<br>) |

I. INTRODUCTION

Plaintiff Cody Epps brings this class action Complaint, by and through his undersigned counsel, against Defendant Columbia Recovery Group, L.L.C, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

COMPLAINT - 1

## II. JURISICTION AND VENUE

2.1 The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2 Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III. NATURE OF THE ACTION

3.1 Plaintiffs bring this class action for damages for Defendant's actions of using unfair and unconscionable means to collect a debt.

3.2 Defendant's actions violated § 1692, et seq., of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, as well as the Washington Consumer Protection Act (RCW 19.86, et seq.) and Washington Collection Agency Act (RCW 19.16, et seq.)

3.3 Plaintiffs seek damages, declaratory relief, and injunctive relief.

## IV. PARTIES

4.1 Plaintiffs are natural persons and residents of the Washington State and are "Consumers" as defined by 15 U.S.C § 1692(a)(3).

COMPLAINT - 2

4.2  Defendant Columbia is a collection agency that regularly conducts business in Eastern Washington.

4.3  Upon information and belief, Defendant Columbia is a company that uses the mail, telephone, and facsimile and regularly engages in business with a principal purpose to attempt to collect debts alleged to be due to another.

4.4  Defendant Columbia is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

## V. CLASS ACTION ALLEGATIONS

5.1  Plaintiff Cody Epps and all others similarly situated bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2  The Class consists of:

(a)  all individuals who held a residential tenancy;

(b)  in Washington State;

(c)  where the tenancy terminated for any reason;

(d)  where the landlord claimed amounts due and owing for cleaning and/or damage to the rental property, following termination of the tenancy;

COMPLAINT - 3

  (e) where part or all of the amounts claimed due and owing derived from unliquidated damages (as opposed to charges for rent and other contractually pre-determined charges);

  (f) where the amounts claimed owed were forwarded to Defendant for collection; and

  (g) where Defendant added interest to the unliquidated charges.

    5.2.1 **Subclass A** consists of those class members who meet all requirements of 5.2 and have additionally paid any amount to Defendant, which was applied to pre-judgment interest on the unliquidated charges.

5.3 The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

5.4 Excluded from the Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.5 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules

COMPLAINT - 4

of Civil Procedure, because there is a well-defined community interest in the litigation:

    (a)  **<u>Numerosity:</u>** Plaintiffs are informed and believe, and on that basis allege, that the Class defined above is so numerous that joinder of all members would be impractical. Defendant added interest to the unliquidated charges of at least 500 putative class members.

    (b)  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's illegal addition of prejudgment interest violates 15 U.S.C §§ 1692e and f, and the Washington Consumer Protection Act (RCW 19.86, et seq.)

    (c)  **<u>Typicality:</u>** Plaintiff Epps claims are typical of the claims of the class members. Plaintiff Epps and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d)  **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests

COMPLAINT - 5

that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individuals' actions would engender.

5.6 Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

COMPLAINT - 6

5.7 The FDCPA claims apply to the Defendant's illegal acts and omissions occurring in the one year preceding the filing of this case, through the date that the class is certified.

5.8 The WCPA claims apply to the Defendant's illegal acts and omissions occurring in the four years preceding the filing of this case, through the date that the class is certified.

## VI. PLAINTIFF EPPS'S ALLEGATIONS OF FACT

6.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

6.2 Defendant alleged that sometime prior to March 23, 2016, Plaintiff incurred a debt.

6.3 The alleged debt was an obligation incurred primarily for personal, family, or household purposes.

6.4 Specifically, the debt Defendant's predecessor-in-interest, Genesis Credit Management LLC. ("Genesis"), was attempting to collect from the Plaintiff was for residential tenancy rents and related fees alleged due to Plaintiff Epps' former landlord, Hilton Real Estate.

COMPLAINT - 7

6.5  Plaintiff Epps was a residential tenant of the premises commonly known as 1610 E. 1st Street, Apartment #9 in Cheney, Washington, under a lease that expired on or about August 21, 2014.

6.6  Plaintiff Epps and his former landlord had a dispute about charges assessed to Plaintiff after he moved out of the apartment.

6.7  Plaintiff's dispute with his landlord ultimately resulted in the landlord paying Plaintiff to resolve all claims between them.

6.8  Despite resolving the matter with his landlord, Genesis attempted to collect the same post-tenancy charges from Plaintiff.

6.9  In addition to the charges forwarded from Plaintiff's former landlord, Genesis attempted to collect pre-judgment interest for "general cleaning".

6.10  The "general cleaning" charges were not agreed to in advance by Plaintiff and were not capable of being determined by reference to any fixed standard.

6.11  Washington State Law does not allow non-contractual pre-judgment interest on unliquidated sums.

6.12  The "general cleaning" charges are not liquidated for purposes of assessing pre-judgment interest.

COMPLAINT - 8

6.13 Plaintiff sued Genesis for violating the FDCPA in this Court, case number 2:16-cv-00267-SAB.

6.14 In October 2016, Genesis settled the pending FDCPA litigation with the Plaintiff.

6.15 Sometime after settling the FDCPA lawsuit with Plaintiff and prior to February 2018, through merger, acquisition, or other means, Genesis became the Defendant corporation in this lawsuit.

6.16 On or about February 2018, Defendant again communicated with the Plaintiff in an attempt to collect the same debt that Plaintiff resolved directly with his landlord, and was the basis of the previous collection attempts that resulted in a lawsuit against Genesis, and which was settled in October of 2016.

6.17 Defendant's dunning letter again included a claim for prejudgment interest.

6.18 Plaintiff disputed the debt with Defendant.

6.19 By written correspondence dated February 21, 2018, Defendant communicated with Plaintiff and verified that the alleged debt was valid and still owed.

6.20 Additionally, Defendant's February 21, 2018 letter states in part "Your account accrues interest at a rate of 012.00 percent per annum".

COMPLAINT - 9

6.21 Plaintiff does not now, nor did he ever owe any money to Genesis or the Defendant.

6.22 Defendant applied the twelve percent (12%) interest rate to unliquidated sums included in the Plaintiff's alleged account balance.

6.23 In the one (1) year prior to Defendant's first correspondence with Plaintiff, through the date of the filing of this action, Defendant has communicated with at least 500 consumers in an attempt to collect pre-judgment interest on unliquidated sums, arising from post-tenancy cleaning charges.

6.24 Defendant's practice of assessing illegal pre-judgment interest charges on Washington consumers has resulted in Defendant collecting money not owed by consumers.

## VII.   FIRST CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act
15 U.S.C §1692e *et seq.*

7.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

7.2 The FDCPA prohibits a debt collector from making a false, deceptive, or misleading representation about "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

COMPLAINT - 10

7.3 Falsely alleging that a consumer owes money violates 15 U.S.C. § 1692e.

7.4 Falsely claiming that pre-judgment interest accrues on all account balances, even where some or all of the balance is comprised of unliquidated sums, violates 15 U.S.C. § 1692e.

7.5 15 U.S.C. § 1692f(1) prohibits "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

7.6 Attempting to collect pre-judgment interest on unliquidated amount violates 15 U.S.C. § 1692f.

7.7 Defendant's improper request for charges not owed constitutes a concrete informational injury that is particularized to the consumer who is subject to the communication.

### VIII. SECOND CAUSE OF ACTION
Violation of the Washington Consumer Protection Act
RCW 19.86, et seq.

8.1 Washington's CPA states in part that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

COMPLAINT - 11

8.2 The Washington CPA applies to the actions at issue herein because the Complaint involves conduct which occurred in the course of Defendant's trade/commerce and the Complaint involves a matter of public interest which is capable of repetition.

8.3 For the reasons set forth above, Defendant is not entitled to pre-judgment interest on unliquidated charges.

8.4 For the reasons set forth above, Defendant wrongfully attempted to, and did collect, unlawful pre-judgment interest from members of the putative class.

8.5 Defendants' acts complained of herein are unfair acts and practices under the Washington State Consumer Protection Act.

8.6 Defendant's acts complained of herein have the capacity to injure other persons.

8.7 All of Defendants' actions complained of herein occurred within the scope of Defendant's trade as a collection agency and debt collectors.

8.8 Members of the putative class suffered injury to their property as a direct and proximate result of Defendant's actions.

8.9 Defendant's policies and practices naturally impact the public interest.

COMPLAINT - 12

8.10 RCW 19.16.250(21) of the Washington Collection Agency Act prohibits a collection agency such as Defendant from attempting to collect any charge not allowed by law.

8.11 Adding prejudgment interest to unliquidated post-tenancy charges is not allowed under Washington law.

8.12 A violation of the provisions of the Washington Collection Agency Act is a *per se* violation of the Consumer Protection Act. *Evergreen Collectors v. Holt*, 60 Wn. App. 151, 155, 803 P.2d 10, 12 (1991).

8.13 Defendants violated the Washington Collection Agency Act.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

9.1 Declaring that this action is properly maintainable as a Class action, and certifying Plaintiff Epps as Class representative and Kirk D. Miller as Class Counsel;

9.2 Awarding Plaintiff Epps and the Class actual and statutory damages pursuant to 15 U.S.C. § 1692k;

9.3 Awarding treble damages on all amounts wrongfully collected from class members, pursuant to the WCPA.

9.4 Injunctive relief prohibiting Defendant from ever attempting to collect more than the principal amount of the claim from any class member.

COMPLAINT - 13

9.5 Declaratory relief finding that the Defendant's conduct violated the FDCPA and WCPA.

9.6 Awarding Plaintiffs costs of this Action, including reasonable attorney's fees and expenses;

9.7 Awarding pre-judgment interest and post-judgment interest on all wrongfully collected money; and

9.8 Awarding Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

DATED this 17th day of October 2018.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiffs

*Cameron Sutherland, PLLC*

/s Brian G. Cameron
Brian G. Cameron, WSBA #44905
Attorney for Plaintiffs

COMPLAINT - 14