FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY EPPS, and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>COLUMBIA DEBT RECOVERY GROUP, L.L.C., a Washington limited liability company, f/k/a GENESIS CREDIT MANAGEMENT, L.L.C.,<br><br>    Defendant. | No. 2:18-cv-00327-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

    Before the Court is Defendant's Motion to Dismiss Class Claims, ECF No. 6. The motion was heard without oral argument.

    Defendant requests the Court dismiss Plaintiff's class claims, arguing that Plaintiff cannot establish the requirements for class certification. Federal Rule of Civil Procedure 23(c)(1)(A) provides that courts must address the issue of class certification "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). "Nothing in the plain language of Rule 23(c)(1)(A) either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009).

**ORDER DENYING MOTION TO DISMISS ^ 1**

Therefore, a defendant may preemptively move to deny class certification before a plaintiff moves to certify a class, provided that a plaintiff is not procedurally prejudiced by the timing of the motion. *Id.* at 944.

Discovery is typically necessary before a class certification motion because a plaintiff seeking to certify a class cannot rely on mere assertions. *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 350 ("Rule 23 does not set forth a mere pleading standard."). "Our cases stand for the unremarkable position that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole*, 571 F.3d at 942.

In this case, the Court finds Defendant's motion is premature. Plaintiffs are entitled to conduct discovery and should be given a reasonable opportunity to file their motion for class certification. Accordingly, Defendant's motion is denied.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Class Claims, ECF No. 6, is **DENIED**.

2. The deadlines for discovery and motions for class certification will be addressed at the scheduling conference.

3. Defendant **SHALL SERVE AND FILE** any answer to Plaintiffs' Complaint no later than **ten (10) days** from the date of this Order.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 17th day of April 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO DISMISS ^ 2**